**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO:**

ROSSANNA JAIMES,

    Plaintiff,

v.

JABA PRO STONE CORP.,
a Florida corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, ROSSANA JAIMES ("Plaintiff") pursuant to *29 U.S.C. § 216(b)* files the following Complaint against Defendant, JABA PRO STONE CORP. ("Defendant"), and alleges as follows:

### INTRODUCTION

1. Defendant unlawfully deprived Plaintiff of overtime compensation during the course of her employment. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201-216*, to recover all overtime wages that Defendant refused to pay Plaintiff during her employment.

### PARTIES

2. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, JABA PRO STONE CORP., was a Florida for-profit corporation located and transacting business within Hollywood, Florida, within the jurisdiction of this Honorable Court.

4. During all times material hereto, Plaintiff worked for Defendant, JABA PRO STONE CORP., at its principal location at 3129 N. 29$_{th}$ Ave., Hollywood, Florida 33020.

5. Defendant, JABA PRO STONE CORP., was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

6. All acts and omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

7. Defendant, JABA PRO STONE CORP., regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

8. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

9. Defendant, JABA PRO STONE CORP., is a mass production counter tops creator and installer that services residential and commercial builders throughout South Florida. JABA PRO STONE CORP. has been operating since 2011. *See https://jabapro.com/#!/about* (last visited May 29, 2020).

## FLSA COVERAGE

10. Defendant, JABA PRO STONE CORP., is covered under the FLSA through enterprise coverage, as JABA PRO STONE CORP. was engaged in interstate commerce during

Plaintiff's employment period. More specifically, JABA PRO STONE CORP.'s business and Plaintiff's work for JABA PRO STONE CORP. affected interstate commerce because the goods and materials Plaintiff and other employees used or handled on a constant and continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same goods and materials. Accordingly, Defendant, JABA PRO STONE CORP., was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B)*.

11. During her employment with Defendant, Plaintiff and multiple other employees handled and worked with various goods or materials that moved through interstate commerce, including, but not limited to: cell phones, clothing, computers, computer keyboards, glass, telephones, marble, granite, quartz, corian, natural stone, saws, screw compressors, cranes, and belt drives, etc.

12. Defendant, JABA PRO STONE CORP., regularly employed two (2) or more employees for the relevant time period, and these employees handled the same or similar goods or materials as Plaintiff, thus making Defendant, JABA PRO STONE CORP., an enterprise covered by the FLSA.

13. Upon information and belief, Defendant, JABA PRO STONE CORP., grossed or did business in excess of $500,000.00 during the years 2017, 2018, 2019, and is expected to gross in excess of $500,000.00 in 2020.

14. During all material times hereto, Plaintiff was a non-exempt employee of Defendant, JABA PRO STONE CORP., within the meaning of the FLSA.

## PLAINTIFF'S WORK FOR DEFENDANTS

15. Plaintiff began working for Defendant on or about December 6, 2019 as a drafter.

16. During all time periods pertinent to this Complaint, Defendant retained the power to hire, fire, discipline, and control company pay practices as they relate to Plaintiff and other company employees.

17. During all time periods pertinent to this Complaint, Plaintiff performed non-exempt work for Defendant performing computer drawings of countertops.

18. During all times material hereto, Plaintiff was an hourly employee. Her regular hourly rate was seventeen dollars ($17.00) per hour.

19. Plaintiff worked in excess of forty (40) hours per week in one or more of her workweeks when employed by Defendant.

20. Defendant failed to pay Plaintiff time-and-one-half her regular hourly rate when Plaintiff worked in excess of forty (40) hours in a workweek.

**COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207***

21. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 19 as though set forth fully herein.

22. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

23. From on or about December 6, 2019, until about March 19, 2020, Defendant refused to compensate Plaintiff at the proper overtime rate of time-and-one-half required by the FLSA for hours worked in excess of forty (40).

24. Defendant willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA, as Defendant knew of the overtime requirements of the FLSA.

25. Defendant recklessly failed to investigate whether Defendant's payroll practices were in accordance with the FLSA during the relevant time period.

26. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

27. Defendant's willful or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

28. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, ROSSANNA JAIMES, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, JABA PRO STONE CORP., and award Plaintiff: (a) unliquidated damages to be paid by Defendant; (b) liquidated damages to be paid by Defendant; (c) reasonable attorney's fees and costs to be paid by Defendant; and any and all such further relief as may be deemed just and reasonable under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff, ROSSANNA JAIMES, requests and demands a trial by jury on all appropriate claims.

**Dated this 29th day of May, 2020.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Rossanna Jaimes*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on May 29, 2020.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: